BRIAN J. MOONEY (SBN: 143795)
bmooney@grsm.com
BENJAMIN W. O'GRADY (appearance *pro hac vice*)
bogrady@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607
Telephone: (510) 463-8517
Facsimile: (510) 984-1721

Attorney for Defendant
ABBOTT VASCULAR INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| REBECCA S. BOYER | ) | CASE NO. 23-CV-00838-AGT |
| | ) | |
| Plaintiff, | ) | **JOINT CASE MANAGEMENT** |
| | ) | **STATEMENT** |
| vs. | ) | |
| | ) | |
| ABBOTT VASCULAR INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Rebecca S. Boyer ("Plaintiff") and Defendant Abbott Vascular Inc. ("Abbott") (collectively the "Parties") by and through their respective counsel respectfully submit this Joint Case Management Statement in preparation of the Initial Case Management Conference scheduled for November 17, 2023.

1. **Jurisdiction and Service**

Plaintiff initiated this action captioned *Boyer v. Abbott Laboratories, Inc. et al*, in the Circuit Court of Cook County, Illinois, Law Division, Case No. 2022L004944 with the filing of the Complaint on June 2, 2022. On September 6, 2022, Abbott filed a Notice of Removal with the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* ECF No. 1.

1    On January 4, 2023, Plaintiff filed a motion to transfer venue under 28 U.S.C. § 1404. *See*

2    ECF No. 35. The Northern District of Illinois Court granted Plaintiff's motion and issued an Order

3    transferring this case from the Northern District of Illinois to this Court. *See* ECF Nos. 43 and 44.

4    At this time, the parties do not anticipate any issues related to personal jurisdiction, and

5    the parties state that no additional parties remain to be served. Abbott reserves the right to file a

6    motion to dismiss based upon the doctrine of *forum non conveniens* at a later date as discovery

7    progresses.

8

9    **2.   Facts**

10   Plaintiff alleges that on or about June 4, 2020, Roy Boyer ("Boyer") was "admitted to

11   Johnston Memorial Hospital in Abingdon, Virginia, to undergo elective cardiac catheterization."

12   *See* SAC, ¶ 17. Plaintiff alleges that a "coronary catheterization" was performed using an NC

13   Trek Coronary Dilatation Catheter, 5.00 mm x 20 mm, 143 cm, REF 1012455-20, Lot 00109G1

14   ("NC Trek") and, when Boyer's doctor "attempted to withdraw the [NC Trek] …he was not able

15   to…because the distal portion of the [NC Trek] malfunctioned and broke at the distal tip." *Id.* ¶

16   18. Plaintiff alleges that as a result of this alleged malfunction, Boyer "became hypotensive and

17   required intubation," "remained critically ill for the next eight days" and passed away on June 14,

18   2022. *Id.* ¶¶ 22-27.

19   This matter is still in its preliminary initial pleadings stage, Abbott has not yet filed an

20   answer, and it is unknown which claims in Plaintiff's SAC will remain following this Court's

21   ruling on Abbott's pending partial motion to dismiss and motion to strike. Nevertheless, at this

22   time the Parties anticipate that factual discovery will focus upon (1) the facts and circumstances

23   concerning the use of the subject NC Trek by Boyer's doctors; (2) the facts and circumstances

24   concerning the subsequent medical treatment received by Boyer following his initial surgery on

25   June 4, 2020; (3) Plaintiff's medical history; and (4) the Abbott records concerning the design,

26   sale, manufacturing and regulatory approval of the subject NC Trek.

27   **3.   Legal Issues**

28   At the time of this Joint Case Management Statement, Abbott has filed a Partial Motion

JOINT CASE MANAGEMENT STATEMENT

1  to Dismiss and Motion to Strike. The only Count not subject to Abbott's pending motion is Count

2  I for negligent design. As to that Count the parties anticipate that the following legal issues will

3  be disputed: (1) whether the NC Trek used on Plaintiff had a design defect; (2) whether any

4  alleged design defect can cause the NC Trek to fracture in the manner at issue in this case; (3)

5  whether any alleged design defect in Plaintiff's NC Trek was the proximate cause of Plaintiff's

6  device fracture in this case; (4) whether the device fracture was the proximate cause of Plaintiff's

7  alleged injuries and damages; and (5) whether Plaintiff's design claims are federally preempted.

8      The parties anticipate that, upon resolution of Abbott's pending motion, the parties may

9  provide a revised statement of legal issues depending upon the causes of action in the SAC that

10  remain.

11    **4.  <u>Motions</u>**

12     Following transfer to this Court, Abbott previously filed a partial motion to dismiss in this

13  Court which sought to dismiss certain counts in Plaintiff's FAC. *See* ECF No. 52. On June 29,

14  2023, the Court issued an Order granting Abbott's motion and granted leave to Plaintiff to file an

15  amended complaint. *See* ECF No. 70. Plaintiff filed the SAC on October 20, 2023.

16     On November 3, 2023, Abbott filed a Partial Motion to Dismiss and Motion to Strike

17  requesting that the Court issue an Order dismissing Counts II, III, IV, V and VI of Plaintiff's

18  Second Amended Complaint with prejudice for failure to state a claim and striking Paragraphs 29

19  through 32 of the SAC and Plaintiff's allegation in Paragraph 34 that Abbott "failed to exercise

20  reasonable care in the recall process by failing to include the Catheter in at least the January 2020

21  recall" pursuant to Fed. R. Civ. P. 12(f). Abbott's motion remains pending with the Court.

22     The parties anticipate that, upon resolution of Abbott's motion, the parties will provide a

23  revised statement concerning any additional anticipated motions once it is determined which

24  causes of action in the SAC remain. At this early juncture, Abbott reserves the right to file a

25  motion to dismiss based upon the doctrine of *forum non conveniens* at a later date as discovery

26  progresses, and anticipates filing a motion for summary judgment.

27

28

**5.   Amendment of Pleadings**

At this time, the parties do not anticipate any amendments to the pleadings. However the parties reserve the right to supplement this Joint Case Management Statement upon the resolution of Abbott's motion to dismiss.

**6.   Evidence Preservation**

The parties certify that they have each reviewed the ESI Guidelines, and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportional steps taken to preserve evidence relevant to the issues reasonably evident in this action. At this time, the Parties do not anticipate the need to search and provide electronically stored information; however, the Parties reserve the right to meet and confer to discuss the appropriate scope and procedures for any ESI discovery to be conducted in the future to the extent subsequent facts or discovery in this case demonstrate the need for such discovery.

**7.   Disclosures**

At the time of this Joint Case Management Statement, the Parties anticipate serving initial disclosures on or before November 10, 2023 in accordance with this Court's prior Order setting the Initial Case Management Conference.

**8.   Discovery**

Prior to Plaintiff's filing of the SAC, Plaintiff propounded requests for production of documents, interrogatories and requests for admissions on Abbott for which Abbott timely provided written responses and produced responsive documents. Plaintiff additionally served a second set of requests for production of documents to which Abbott timely responded to.

While this matter is in its preliminary stage and it is unknown which claims in Plaintiff's SAC will remain following this Court's ruling on Abbott's pending motion, the parties have met and conferred and jointly propose the discovery schedule set forth in Section 16 below.

**9.   Class Actions**

The Parties state that Plaintiff's claims do not set forth a class action.

**10. Related Cases**

The Parties state that, at this time, the Parties are not aware of any cases or proceedings

JOINT CASE MANAGEMENT STATEMENT

related to this action.

**11. Relief**

Plaintiff requests that judgement be entered in her favor as Executor and Personal Representative of the Estate of Roy Leon Boyer, in an amount necessary to fully and fairly compensate the next of kin for their damages, which exceed $30,000, in an amount to be proven at trial.

**12. Settlement and ADR**

The Parties have met and conferred and have agreed that this action is likely suitable for private mediation. However, the Parties also agree that participation in mediation would be premature at this time given Abbott's pending motion to dismiss, the need for the Parties to conduct initial written discovery and depositions on certain key issues, and the need for potential Court rulings on early motions for summary judgment or adjudication. The Parties agree to continue to consider appropriate timing for a meaningful mediation as discovery in this case progresses.

**13. Other References**

The Parties state that this action is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

Plaintiff Submissions:

Plaintiff's position is that it is not possible to narrow the issues at this time. Plaintiff reserves the right to supplement this Joint Case Management Statement upon resolution of Abbott's pending motion to dismiss.

Abbott's Submissions:

(1) At this juncture, only Count I concerning allegations of a negligent design defect are not subject to Abbott's pending motion. As to that Count, Abbott anticipates written discovery seeking the factual support for each of the myriad of design claims outlined in the SAC, which in turn should allow Plaintiff to properly narrow the actual design claims into a single alleged design factor or element in the NC Trek that Plaintiff alleges was the causative force at issue in this case.

JOINT CASE MANAGEMENT STATEMENT

Once so narrowed, the Parties will then be able to hone the case depositions, expert disclosures, motions and trial preparations accordingly.

(2) As to Plaintiff's damage claims, Abbott will be propounding written discovery on Plaintiff asking that Plaintiff specifically identify all damages claimed in this action. If in response Plaintiff were to provide both the specific categories of damages being sought, as well as the exact amount of damages being sought in each category, the Parties would then be able to properly hone additional depositions, written discovery, expert disclosures and trial work up accordingly.

**15. Expedited Trial Process**

The Parties state that this action is not suitable to being handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16. Scheduling**

While this matter is in its preliminary stage and it is unknown which claims in Plaintiff's SAC will be dismissed, if any, based upon Abbott's motion, at this time the parties propose the schedule below. In doing so, the Parties provide the dates and timeline under the assumption that, based upon Abbott's pending motion to dismiss, Abbott's responsive pleading submitted in response to either Plaintiff's Second Amended Complaint or Plaintiff's further amended complaint, will be filed in approximately February 2024.

| Event | Date |
| --- | --- |
| Fact Discovery Closes | December 20, 2024 |
| Plaintiff's Expert Disclosures Due | January 15, 2025 |
| Defendant's Expert Disclosure Due | February 14, 2025 |
| Rebuttal Expert Disclosure Due | February 28, 2025 |
| Expert Discovery Closes | April 30, 2025 |
| Deadline to File Motion(s) for Summary Judgment/Adjudication | May 30, 2025 |

JOINT CASE MANAGEMENT STATEMENT

| Final Pre-Trial Conference ("FPTC") [1] | September 26, 2025 |
| Trial Date | November 10, 2025 |

**17. Trial**

The Parties state that this matter will be tried to a jury. At this time, the Parties estimate that the trial of this action will be approximately 10 trial days.

**18. Disclosure of Non-Party Interested Entities or Persons**

    A.  Response of Plaintiff

Pursuant to Civil L.R. 3-15, no such interest is known to Plaintiff, other than the named parties to this action, and no interest was reported in Plaintiff's Certification of Interested Entities or Persons.

    B.  Response of Abbott

Abbott states that prior to this matter being transferred to this Court, on September 13, 2022 Abbott filed a Corporate Disclosure Statement and Notification as to Affiliates in the United States District Court for the Northern District of Illinois (ECF No. 10). Pursuant to Federal Rule of Civil Procedure 7.1 and Northern District of Illinois Local Rule 3.2, Abbott stated as follows:

- Abbott Vascular is a wholly-owned subsidiary of Abbott Laboratories, which is a publicly held company. Abbott Laboratories does not have a parent corporation, and no publicly held company owns 10% or more of Abbott Laboratories' stock;

- Abbott Vascular is a wholly-owned subsidiary of Abbott Laboratories. No other entity or individual other than Abbott Laboratories owns 5% or more of Abbott Vascular.

Pursuant to Civil Local Rule 3-15, Abbott further states that outside of the Parties and Abbott Laboratories identified above, at this time Abbott is not aware of any persons, associations

---

[1] Prior to the FPTC, the Court and the Parties will confer further and will set specific deadlines for additional pre-trial submissions and exchanges in advance of the FPTC, including but not limited to pre-trial conference statements, witness lists, exhibits lists, expert motions (and responses), motions in limine (and responses), deposition designations (and objections and responses), jury instructions, voir dire submissions and verdict forms.

of persons, firms, partnerships, corporations or any other entities that has (i) a financial interest

of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other

kind of interest that could be substantially affected by the outcome of the proceeding.

**19. Professional Conduct**

The Parties state that all attorneys of record for the Parties have reviewed the Guidelines

for Profession Conduct for the Northern District of California.


DATED: November 10, 2023                    DICELLO LEVITT LLP

                                            By:  /s/ Joseph T. Frate
                                                 Joseph T. Frate
                                                 *Attorney for Plaintiff*
                                                 *Rebecca S. Boyer*



DATED:  November 10, 2023                    GORDON REES SCULLY MANSUKHANI, LLP

                                            By:  /s/ Brian Mooney
                                                 Brian Mooney
                                                 *Attorney for Defendant*
                                                 *Abbott Vascular Inc.*

JOINT CASE MANAGEMENT STATEMENT

1

**CERTIFICATE OF SERVICE**

2

     I, Brian J. Mooney, certify that this document, filed through the Court's ECF system,

3

will be sent electronically to the registered participants as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

4

5

                        _____

6

                        Brian J. Mooney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT